**UNITED COOPERATIVES OF ONTARIO**

v.

**M/V GOOD TRADER, etc.**

**Civ. A. No. 85–1032.**

United States District Court, E.D. Louisiana.

April 23, 1985.

Warren L. Pickle and Julia E. Taylor, Nelkin & Pickle, New Orleans, La., for United Cooperative.

James H. Roussel and Deborah J. Winegard, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Sky Overseas.

BEER, District Judge.

United Cooperatives of Ontario has brought a Complaint In Rem With Maritime Attachment to Enforce a Foreign Judgment, resulting in the arrest of the vessel M/V TYHI (known at the time this cause of action arose as M/V GOOD TRADER). The present owners of the vessel, Sky Overseas, S.A. (hereinafter "Sky"), move for release of the vessel, arguing that there was no basis for the arrest. The plaintiff, arguing that the foreign judgment should be given full force and effect, brings a cross-motion for summary judgment. Determination of the validity of the arrest decides the case, which arises out of the 1979 shipment of 8,136.75 metric tons of urea fertilizer from Donaldsonville, La., to two locations in Canada. The vessel was at that time owned by Thracia Shipping Co., S.A. ("Thracia") and Good Faith Shipping Co., S.A. ("Good Faith"). United Cooperatives, plaintiff in this action, sued Thracia, Good Faith and M/V GOOD TRADER in a Canadian Federal Court in November 1979, alleging water damage to the cargo. The vessel was arrested. The vessel was released upon the issuance of a letter of undertaking from Oceanus Mutual Indemnity Association. It was stipulated in paragraph 5 of this undertaking that the letter would be subject to Canadian law. A consent judgment was issued against Good Faith, Thracia and M/V GOOD TRADER on November 21, 1983, in the amount of $87,500 in Canadian dollars plus interest at 11% per annum from November 7, 1983. Copies of the telexes the parties exchanged during negotiations, submitted by the plaintiffs, indicate that the parties clearly agreed that "plaintiff will be entitled to issue execution for the full amount of the judgment against the defendants Thracia Shipping Co., S.A., Good Faith Shipping Co., S.A., and the vessel GOOD TRADER which full amount will then become immediately payable."

The vessel was renamed in April 1984, sold and renamed in August 1984, and finally sold to Sky and renamed M/V TYHI in January 1985. Oceanus, the issuer of the letter of undertaking, is in receivership and is apparently unable to pay on the judgment.

Sky, as owner of M/V TYHI, has filed a counterclaim for damages due to wrongful seizure of the vessel. Sky seeks recovery of the costs of this litigation.

*Hilton v. Guyot,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895) is the leading American decision on the recognition and enforcement of foreign country judgments. The Supreme Court held that:

"(W)here there has been opportunity for a full and fair trial abroad before a court of competent jurisdiction, conducting the trial upon regular proceedings, after due citation for voluntary appearance of the defendant, and under a system of jurisprudence likely to secure an impartial administration of justice between the citizens of its own country and those of other countries, and there is nothing to

show either prejudice in the court, or in the system of laws under which it is sitting, or fraud in procuring the judgment, or any other special reason why the comity of this nation should not allow it full effect, the merits of the case should not, in an action brought in this country upon the judgment, be tried afresh, as on new trial or an appeal, upon the mere assertion of the party that the judgment was erroneous in law or in fact."

159 U.S. at 202–203, 16 S.Ct. at 158.

In that case, however, the Supreme Court rejected enforcement of the French judgment on the ground of a lack of reciprocity between the two countries. *Hilton* remains the standard for enforceability of foreign judgments. See, *Felder v. Estelle,* 693 F.2d 549 (5th Cir.1982); *Hunt v. B.P. Exploration Co.,* 492 F.Supp. 885 (N.D. Tex.1980). Sky agrees that this court has the power to enforce the Canadian judgment if the Canadian court had jurisdiction at the time the judgment was rendered. Thus, the primary issue to be dealt with is whether the Canadian court had jurisdiction over this matter. As was previously noted, a consent judgment was issued against Good Faith, Thracia and M/V GOOD TRADER. Sky contends that the Federal Court of Canada was without jurisdiction to enter this consent judgment. The Federal Court Act of Canada provides for jurisdiction in rem for a cause of maritime cargo damage if at the time of the commencement of the action, the vessel is owned by the same person who owned the vessel at the time the cause of action arose. Federal Court Act of Canada § 22(e) & (h), Sec. 42(2) & (3). Sky claims that this provision merely establishes the right of a cargo claimant to arrest a vessel as the property of the person liable for the cargo damage in execution of the claim. Affidavit of William Tetley. The plaintiff claims that this provision allows the court to enter an in rem judgment, in execution of which a vessel may be seized. See affidavit of David L.D. Beard; affidavit of Sean J. Harrington. In the *Henrich Bjorn,* 11 App.

Cas. 270 (1886), the court elaborated on the nature of a right in rem:

"The action is in rem, that being, as I understand the term, a proceeding directed against a ship or other chattel in which the plaintiff seeks either to have the res adjudged to him in property or possession, or to have it sold, under the authority of the Court, and the proceeds, or part thereof, adjudged to him in satisfaction of his pecuniary claims. The remedy is obviously an appropriate one in the case of a plaintiff who has a right of property or other real interest in the ship, or a claim of debt secured by lien which the law recognises."

Id. at 276–277.

The plaintiff suggests that the principals of the *Henrich Bjorn* are now reduced the statute law in Section 43 of the Federal Court Act. I am convinced that the statutory right in rem allows the entry of a judgment against the vessel, and the arrest of the vessel in execution thereof. Sky relies on *The Toronto Harbour Commissioners v. The Ship Toryoung II,* 1 F.C. 191 (1976), for the proposition that a maritime lien cannot be conferred by consent. In that case, a "consent maritime lien" on a claim for salvage was held invalid, as beyond the capacities of the parties. The Court so held because there had been no judicial determination that the claimed services were in fact for salvage, and there had been no showing that the plaintiff was entitled to a maritime lien under the facts of that case. The instant case is distinguishable on two grounds. First, the plaintiff is attempting to execute on a judgment in rem, not on a maritime lien. Second, there is no dispute that this claim is for cargo damage and that in rem jurisdiction is proper.

I am of the view that under *Hilton v. Guyot,* supra, the Canadian in rem judgment against M/V GOOD TRADER, now M/V TYHI, must be given full force and effect. Two other issues are raised by the parties: Whether the letter of undertaking issued by Oceanus Mutual Indemnity Association bars the rearrest of the vessel, and

whether the change in ownership after the judgment was rendered bars the rearrest of the vessel. I am initially of the view that *Hilton v. Guyot* precludes me from examining these issues, as I have already found that the Canadian Court acted within its jurisdiction in rendering the in rem judgment. However, to the extent that these two questions may be viewed as jurisdictional challenges to the Canadian judgment, I will review the treatment of these issues under Canadian law.

The plaintiff cites several cases in support of its contention that the issuance of the letter of undertaking does not bar the rearrest of the vessel. *Momsen v. The Ship Aurora,* XV Can.Exch. 23 (Br.Col. Adm.Dist.1913); *George Hall Coal Co. of Canada, Ltd. v. The Ship Bayusona,* Ex. C.R. 128 (1923); *The Freedom,* L.R. 3 Ad. & E. 495 (1871). In *Momsen,* the court confronted the issue of whether a vessel could be rearrested after it had been released under a bail bond, only to have the plaintiffs find that they were unable to execute against the surety. Citing *The Freedom,* supra, the court allowed the rearrest of the vessel to cover both damages and costs. Sky contends that upon the posting of bail, the security becomes the res over which the Court's in rem jurisdiction exists, citing Professor Tetley and various British cases: *The WILD RANGER,* Br. & L. 84, 167 E.R. 310 (1863); *The KALAMAZOO,* 15 Jur. 885 (1851); *The POINT BREEZE,* Ll.L.Rep. 229 (1928).[1] To the extent that these British cases are inconsistent with the Canadian cases of *Momsen v. The Ship Aurora,* supra, and *George Hall Coal Co. v. The Ship Bayusona,* supra, I find that they do not accurately represent Canadian law. Moreover, the defendants in the Canadian case *consented* to the entry of the judgment in rem against the vessel, despite the fact that the letter of undertaking had previously been issued. Therefore, I believe that a Canadian court would allow the rearrest of the vessel in execution of the judgment despite the fact that a letter of undertaking had been issued.

The authorities cited by both parties are also in disagreement over the issue of whether the change of ownership of the vessel after entry of the judgment bars the rearrest of the vessel. See affidavits of W. Tetley, S. Harrington, D. Beard; *Monica S,* 2 Lloyd's Rep. 113 (1967); *The DESPINA G.K.,* 1982 Vol. 2 Lloyd's L.Rep. 555 (Q.B. Adm.Div.1982). The suggestion that a debtor can sell a vessel against which an in rem judgment has been entered, and thereby avoid seizure of the vessel, seems to defy common sense. I am of the opinion that the subsequent changes of ownership do not bar the plaintiff from rearresting the vessel in execution of its in rem judgment.

For the above reasons, the motion of Sky Overseas to release the vessel from seizure must be denied, and the motion of United Cooperatives of Ontario for summary judgment must be granted. On the Court's own motion, judgment is entered denying the counterclaim of Sky Overseas for damages due to wrongful seizure. The plaintiff is directed to submit a judgment consistent with these findings.

---

1. "Canadian Maritime Law" includes English decisions and statutes up to 1890; thereafter, English decisions are merely persuasive. Affidavit of William Tetley at 15.